UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOVAN SMITH | No. 3:10-cr-00148 (JAM) |

RULING GRANTING DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE IN ACCORDANCE WITH U.S.S.G. AMENDMENT #782

On April 30, 2013, this Court (*Burns, J.*) sentenced defendant Jovan Smith principally to a term of 78 months imprisonment and a term of five years supervised release, following his conviction of Conspiracy to Possess with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B). On the basis of Amendment 782 to the U.S. Sentencing Guidelines, defendant now moves to be re-sentenced pursuant to 18 U.S.C. § 3582(C)(2). For the reasons that follow, I will grant defendant's motion and reduce defendant's sentence to a term of 70 months imprisonment, effective as of November 1, 2015.

**BACKGROUND**

Amendment 782 to the United States Sentencing Guidelines provides for a reduction of two offense levels for the sentencing range calculation for a defendant who has been subject to sentencing under §§ 2D1.1 and 2D1.11 of the Guidelines. Amendment 782 reflects the Commission's determination "that setting the base offense levels above mandatory minimum penalties is no longer necessary" and that a reduction—including a retroactive reduction for defendants who are already serving their sentences—would be "an appropriate step toward alleviating" both "the significant overcapacity and costs" of federal prisons. *See* U.S. Sentencing Guidelines Manual, Amendment 782, Policy Stmt. (2014).

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission. The Court must follow a two-step approach to determine whether a sentence should be reduced and the extent of any such reduction. First, the Court must consider if the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable if the amended Guidelines had been in place at the time of the defendant's sentencing. Second, the Court must consider the range of general sentencing factors under 18 U.S.C. § 3553(a) to decide whether, in its discretion, a reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Here, I conclude that the first step is satisfied. There is agreement by the defendant, the Government, and the U.S. Probation Office that defendant is eligible for a reduction of, effectively, up to eight months of his sentence pursuant to Amendment 782. The sentencing guidelines for his offense changed from 84 to 105 months to 70 to 87 months and, though his current sentence of 78 months still falls within the amended range, it is within this Court's discretion to reduce the sentence to a length of time accordant with the lower end of the new guideline range.

As to the second step, I also conclude in the exercise of my discretion and upon full consideration of the factors set forth under 18 U.S.C. § 3553(a) that the agreed-upon reduction is appropriate. Although defendant's time served so far has not been free of misconduct because of one physical altercation with another inmate, the Government has agreed to the reduction; defendant was punished by his facility for the altercation, and the incident will not preclude him from a reduction.  It is the hope of this Court that the defendant will find ways during the rest of

his sentence to work toward his goals of one day starting his own flooring business and of advancing his education.

## CONCLUSION

For the foregoing reasons, defendant's motion for reduction of sentence is GRANTED. His term of imprisonment is reduced to 70 months, effective November 1, 2015. *See* U.S.S.G. § 1B1.10(e). All other aspects of the original sentence shall remain in effect.

It is so ordered.

Dated at New Haven this 22nd day of July 2015.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge